[No. 23378. Department One. December 21, 1931.]

C. L. BROWN, *Appellant,* v. B. A. KLIKS *et al.,*
*Respondents.*[1]

*W. H. Sibbald,* for appellant.
*Chas. W. Hall* and *B. A. Kliks,* for respondents.

MITCHELL, J.—Mrs. Nellie Smith is the daughter of
C. L. Brown, the plaintiff in this action. For some
years she was the wife of Thomas McDaniel, and lived
with him in Oregon. As husband and wife, they pur-
chased a farm in Oregon from one Arnold, paying for

[1]Reported in 6 P. (2d) 409.

it with $1,250 borrowed from her father and giving back to Arnold a purchase price mortgage for the balance. The mortgage was signed by McDaniel and his wife. The deed to the farm was taken in her name. McDaniel and his wife sold the farm, or a part of it, to one Seaberg, who, in turn, sold it to one McCormick upon terms that finally resulted in the execution of a promissory note by McCormick and wife to McDaniel and wife, jointly secured by a mortgage to them jointly on the farm in the sum of $4,700.

Thereafter, McDaniel and wife borrowed $2,000 from respondent B. A. Kliks, giving him their joint and several promissory note, and at the same time, as collateral to the loan, assigned and delivered the $4,700 McCormick note and mortgage and received from Kliks his written agreement that, upon his collecting the McCormick note and mortgage, he would first repay himself the amount of his loan and account for the balance to McDaniel and his wife jointly.

Thereafter, December 22, 1928, McDaniel and his wife were divorced, the decree making no disposition of their property rights. She then assigned to her father all of her right and interest in and to the McCormick mortgage and the proceeds thereof. Thereafter, Kliks received full payment of the McCormick note and mortgage, and after taking out the amount of his loan, there remained $2,900 belonging to McDaniel and his former wife. Kliks settled with McDaniel for his interest in the remainder of the proceeds of the McCormick note and mortgage.

C. L. Brown brought this suit against Kliks and McDaniel for the whole amount of the collection from McCormick and wife. It appears there was no service of process upon, nor formal appearance in the case by, McDaniel. Upon the completion of appropriate issues between the plaintiff and Kliks, the case was

called for trial before a jury. At the conclusion of the taking of testimony, upon motion of the defendant, the trial court discharged the jury and decided the case by the entry of formal findings of fact and conclusions of law, upon which judgment was entered for the plaintiff and against defendant B. A. Kliks in the sum of $1,450. The plaintiff has appealed, insisting that he is entitled to all of the collection on the McCormick note and mortgage after payment to Kliks of the amount of the loan made by him.

The amount of the judgment in favor of the appellant equals one-half of the remainder of the collection from McCormick. There was no contention in the trial court, nor is there here, that the amount is incorrect if there is to be a division of that remainder.

Appellant's main contention is that the respondent did not act in good faith in paying McDaniel; because he, Kliks, knew that the mortgage given by McCormick was the property of appellant's daughter in her own individual right, since it indirectly represented a part of the purchase price for which the farm that belonged to her in her own separate right had been sold.

With the possible exception of taking the deed to the farm in the name of Mrs. McDaniel only, her name and that of her then husband appeared jointly in every one of the many instruments growing out of the farm deal or connected with it, including the borrowing of money upon the faith of it and also mortgages of it to them. The McCormick note and mortgage delivered to respondent as collateral ran to Mr. and Mrs. McDaniel jointly. The two thousand dollars they borrowed from Kliks created a joint obligation according to the terms of the note they gave; and the agreement they took at that time from him, covering the net pro-

ceeds of the collection of the McCormick note and mortgage, ran to McDaniel and his wife jointly.

The trial court made a specific finding that Kliks at all times acted in good faith about the matter, and that at no time prior to his settlement with McDaniel for one-half of the net proceeds of the collection, did the appellant, his daughter, or anyone else ever notify Kliks that appellant's daughter was entitled to more than one-half of the proceeds of the collection. The evidence in the case clearly preponderates in favor of that finding.

■ Nor can there be any serious question as to who were the beneficial owners of the farm upon its being bought by the McDaniels, although the deed was taken in her name only. Appellant's principal argument in this respect rests upon the circumstance of the deed being taken in her name, together with the claim that the entire cash payment of $1,250 was money furnished by her father to her in her own separate right for the purpose of purchasing the farm.

But we find the testimony to the contrary. In her testimony, upon referring to the purchase of the farm and getting money from her father, she testified:

"Q. How much was that? A. That he loaned to *us* altogether or just the first payment? Q. How much was the first amount he gave you? A. Fifteen hundred dollars."

and further, upon the same subject, she testified under cross-examination as follows:

"Q. Did you and Mr. McDaniel give your father a note for this fifteen hundred dollars or was it an open account? A. Did we give him back a note, you say? Q. Yes, or just left it an open account? A. Yes. Q. Just that you and Mr. McDaniel owed him the fifteen hundred dollars, both knew it and let it go at that? A. Yes."

Her father, the appellant, was present and testified in the case, and yet neither he nor anyone else disputed her testimony. While he loaned them fifteen hundred dollars, it appears that only $1,250 was actually used by them in making the first payment on the farm. For the balance of the purchase price, they gave their joint mortgage in the sum of $4,750. This testimony, together with other that need not be set out, justified without doubt the trial court's finding as follows:

"That on the 22nd day of April, 1912, the said defendant, Thomas McDaniel, and wife acquired a certain tract of land in the state of Oregon by making a down payment of $1,250 thereon, which said sum had been loaned to them by the plaintiff, and that they jointly executed and delivered a mortgage for $4,750 for the balance of the purchase price, but that the title to said real property was taken in the name of the wife."

It is further claimed that the court erred in taking the case from the jury. It appears, however, that all of the essential facts in the case were established by the convincing proof contained in the written documents introduced in evidence, without any objection on the part of the appellant, showing the joint interest of Mr. and Mrs. McDaniel in the farm and all of the transactions growing out of it, and also upon the oral testimony of appellant's witnesses. There is neither dispute nor question about such being the case, as we view the record, hence there was nothing to submit to the jury.

Other nominal assignments of error require no discussion, in our opinion, in view of what has already been said herein.

Judgment affirmed.

TOLMAN, C. J., PARKER, HERMAN, and BEELER, JJ., concur.